UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

LEROY GAGE,                          )
                                     )
                Plaintiff,           )
                                     )
        v.                           )    No.  4:06CV1587 FRB
                                     )
JOHN E. POTTER, Postmaster           )
General, United States Postal        )
Service,                             )
                                     )
                Defendant.           )


**MEMORANDUM AND ORDER**

Presently pending before the Court is defendant's Motion for Summary Judgment (Docket No. 11). All matters are pending before the undersigned United States Magistrate Judge, with consent of the parties, pursuant to 28 U.S.C. § 636(c).

In his Complaint filed October 30, 2006, plaintiff Leroy Gage alleges that his employer, the United States Postal Service, unlawfully discriminated against him in his employment on account of his age, gender, race, and disability; and in retaliation for engaging in protected activity, thereby entitling him to relief under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5, et seq. Defendant Postmaster General now moves for summary judgment on plaintiff's claims arguing that there are no genuine issues of material fact in dispute and that he is entitled to judgment as a matter of law. Plaintiff has responded to the motion to which defendant has replied.

Pursuant to Rule 56(c), Federal Rules of Civil Procedure, a court may grant summary judgment if the information before the court shows that there are no material issues of fact in dispute and that the moving party is entitled to judgment as a matter of law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247 (1986). The burden of proof is on the moving party to set forth the basis of his motion, Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986), and the court must view all facts and inferences in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio, 475 U.S. 574, 587 (1986). Once the moving party shows there are no material issues of fact in dispute, the burden shifts to the adverse party to set forth facts showing there is a genuine issue for trial. Id. The non-moving party may not rest upon his pleadings, but must come forward with affidavits or other admissible evidence to rebut the motion. Celotex, 477 U.S. at 324.

Summary judgment is a harsh remedy and should not be granted unless the movant "has established his right to judgment with such clarity as to leave no room for controversy[.]" New England Mutual Life Ins. Co. v. Null, 554 F.2d 896, 901 (8th Cir. 1977). The Eighth Circuit has noted, however, that "summary judgment can be a tool of great utility in removing factually insubstantial cases from crowded dockets, freeing courts' trial time for those that really do raise genuine issues of material fact." City of Mt. Pleasant, Iowa v. Associated Elec. Coop., Inc.,

838 F.2d 268, 273 (8th Cir. 1988).

## I. Exhaustion of Administrative Remedies

As an initial matter, the undersigned notes that defendant argues that plaintiff failed to exhaust administrative remedies in relation to his claims of discrimination based on gender and race and thus that the Postal Service is entitled to summary judgment as a matter of law as to such claims. Specifically, defendant contends that during the administrative process, plaintiff failed to allege any discrimination based on his gender or race and that the Final Agency Decision only addresses claims of age discrimination, physical disability and retaliation. For the following reasons, defendant's argument is well taken.

A postal employee must exhaust applicable administrative remedies before commencing a Title VII action in federal court. Patrick v. Henderson, 255 F.3d 914, 915 (8th Cir. 2001). "Exhaustion of administrative remedies is central to Title VII's statutory scheme because it provides the EEOC the first opportunity to investigate discriminatory practices and enables it to perform its roles of obtaining voluntary compliance and promoting conciliatory efforts." Williams v. Little Rock Mun. Water Works, 21 F.3d 218, 222 (8th Cir. 1994). To exhaust administrative remedies, a plaintiff must, inter alia, timely file a charge of discrimination with the administrative agency setting forth the facts and nature of the charge. Id. "A plaintiff will be deemed

to have exhausted administrative remedies as to allegations contained in a judicial complaint that are like or reasonably related to the substance of charges timely brought before the EEOC." Id. "Allegations outside the scope of the EEOC charge[, however,] circumscribe the EEOC's investigatory and conciliatory role and for that reason are not allowed." Duncan v. Delta Consol. Indus., Inc., 371 F.3d 1020, 1025 (8th Cir. 2004).

In this cause, defendant has submitted portions of plaintiff's EEO affidavit in which plaintiff claimed that defendant's alleged adverse conduct was on account of his age, disability and/or in retaliation for plaintiff having previously engaged in EEO activity. (Deft.'s Exh. A.) Defendant has also submitted the EEO's Final Agency Decision wherein plaintiff's claims of discrimination based on age, physical disability and retaliation were addressed. (Deft.'s Exh. L.) No other alleged bases of discrimination were identified in this Decision. Although in his "Responses to Defendant's Statement of Uncontroverted Material Facts" (Docket No. 15-2), plaintiff denies in a general manner that his EEO complaint did not mention instances of discrimination based on gender, race or harassment, plaintiff fails to set forth any specific reference to the record to support his denial as required by E.D. Mo. Local Rule 4.01(E). Nevertheless, an independent review of the record does not reveal any such EEO claims. In addition, in his affidavit submitted in response to the

instant Motion for Summary Judgment, plaintiff fails to address any alleged discrimination based on his gender or race.

The undisputed evidence before the Court shows plaintiff's current claims of gender and race discrimination to have never been presented to or investigated by any administrative agency. Plaintiff presents no argument or evidence to this Court demonstrating that his current claims of gender and/or race discrimination are like or reasonably related to any claim raised in his 2006 EEO complaint or considered by the agency such that the claims should be considered exhausted. Nor has plaintiff presented the Court with any argument or evidence demonstrating that either waiver, estoppel or equitable tolling applies so as to excuse his failure to administratively exhaust the claims. Accordingly, because plaintiff did not exhaust his current claims of gender or race discrimination through the administrative process, defendant is entitled to summary judgment thereon. <u>Duncan</u>, 371 F.3d at 1026; <u>Williams</u>, 21 F.3d at 223.

## II. Exhausted Claims of Discrimination

Remaining before the Court are plaintiff's claims of discrimination based on age, disability and retaliation for engaging in protected conduct. A review of the Complaint shows plaintiff to bring these claims pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, <u>et</u> <u>seq.</u> No other basis for relief is sought.

In both the private and public sectors, Title VII prohibits discrimination in employment on the basis of the employee's race, color, religion, sex, or national origin. 42 U.S.C. §§ 2000e-2(a)(1), 2000e-16. Neither age nor disability provide a basis upon which an aggrieved employee may obtain relief under Title VII. See Taylor v. Brown, 928 F. Supp. 568, 573 (D. Md. 1995) (claim of age discrimination not cognizable under Title VII); Thomas v. Northern Telecom, Inc., 157 F. Supp. 2d 627, 633 (M.D.N.C. 2000) (Title VII does not prohibit discrimination based on disability). As such, plaintiff cannot obtain relief under Title VII for his claims of age and disability discrimination.

In the instant Motion for Summary Judgment, however, the defendant does not raise this defense but instead contends that the Postal Service is entitled to judgment as a matter of law on these claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 633(a), which prohibits age discrimination against federal employees; and under the Rehabilitation Act, 29 U.S.C. §§ 701, et seq., which prohibits discrimination in federal employment on the basis of disability. Although plaintiff does not seek relief under the ADEA or the Rehabilitation Act, out of an abundance of caution and in light of the defendant's position in the instant motion, the undersigned will proceed to address plaintiff's remaining claims to the extent they may be construed to raise these cognizable claims.[1]

---

[1]The undersigned is mindful, however, that plaintiff is represented by counsel in these proceedings. As such, plaintiff's

- 6 -

A.    <u>Evidence Before the Court on the Motion</u>

The undisputed evidence before the Court on the instant Motion for Summary Judgment shows as follows:

Plaintiff Leroy Gage is currently an employee of the United States Postal Service. When plaintiff began his employment at the Postal Service in December 1993, he was fifty-three years of age. At all times relevant to the instant cause of action, plaintiff was assigned to the position of Carrier Technician at Weathers Station in St. Louis, Missouri.

Beginning in 1997, plaintiff began experiencing conduct at the Postal Service which he perceived to be age discrimination, abusive behavior and unfair treatment. (Pltf.'s Resp. to Deft.'s Statement, Docket No. 15-2, Pltf.'s Affid.) Between October 1997 and January 2004, plaintiff pursued six EEO claims. In relation to these previously filed claims, the last action took place on November 27, 2004, when a claim filed in May 2002 was closed. (Deft.'s Exh. K.)

The instant case arises from an EEO complaint that plaintiff formally filed on May 23, 2006. In this complaint, plaintiff complained of and attested to specific discriminatory

---

Complaint, drafted by counsel, is not entitled to the liberal construction generally accorded <u>pro</u> <u>se</u> pleadings. <u>See</u> <u>Haines v.</u> <u>Kerner</u>, 404 U.S. 519, 520-21 (1972); <u>see also</u>, <u>e.g.</u>, <u>Fray v.</u> <u>Schuetzle</u>, 78 F.3d 359, 361 n.2 (8th Cir. 1996) (mindful that petition was prepared by counsel, court believes it should adjudicate only those claims upon which relief was actually sought).

conduct which was alleged to have occurred on April 26, 2006. Plaintiff also complained that on various other dates between April 21 and May 31, 2006, he was ordered "off the clock" for reasons unknown to him after working for only two hours. (Deft.'s Exhs. A, L.) In his judicial Complaint filed in the instant cause, plaintiff refers to alleged discrimination occurring only on or around April 26, 2006. (Compl. at para. 8.)

Effective November 2005, Postal Service Carriers at Weathers Station in St. Louis were required to "[b]egin casing mail on your assigned route promptly upon clocking in. Case flats first then letters; preferential mail first then standard mail." (Deft.'s Exh. C1.) On April 21, 2006, plaintiff refused to case the flats first in accordance with the Postal Service's policy and instead told management "not to worry how [he got] the mail in[.]" (Deft.'s Exh. C.) Plaintiff was instructed to case the flats first and was cautioned that he would be sent home if he failed to follow the instruction. Plaintiff refused such instruction and went home. (Id.) Supervisor Debra Powell attests that plaintiff's age had nothing to do with her sending plaintiff home on April 21, 2006, and that her decision was solely motivated by plaintiff's failure to follow instructions. (Id.)

Supervisors' offices at the Postal Service are supposed to be locked, and employees are allowed to make copies in such offices only if they have their supervisor's permission and if a

supervisor is in the room with them. (Deft.'s Exh. B.) On April 26, 2006, plaintiff was alone in a supervisor's office making copies. Darryl Smith, Customer Service Manager, asked plaintiff what he was doing in the office. When plaintiff did not reply, Manager Smith instructed plaintiff to exit the supervisor's office immediately and to leave the building.[2] (Deft.'s Exhs. A, B.) Manager Smith attests that the April 26, 2006, incident had nothing to do with plaintiff's age or with plaintiff being "placed off the clock" the previous week. (Deft.'s Exh. B.) Plaintiff admits that at the time of the April 26, 2006, incident, he was "off the clock and was leaving anyway." Plaintiff also admits that he had no knowledge of employees of a different age who were treated differently than him under similar circumstances, that is, allowed to use the copier without a supervisor's presence or permission. (Deft.'s Exh. A.)

In his EEO affidavit, plaintiff attests that he was sent home after working two hours on the following dates: April 21, 2006; April 24, 2006; April 25, 2006; May 6, 2006; May 10, 2006; and May 31, 2006. Plaintiff also attests that other similarly-situated, light-duty employees remained at work, and specifically, Darryl Crouch, Vernice Hill, Devalyn Stidham, John Mango, Kelly Chapman, and Debra Powell. (Deft.'s Exh. A.) Mr. Crouch and Ms.

---

[2]Manager Smith denies that he told plaintiff to leave the building. (Deft.'s Exh. B.) This disputed fact is immaterial to resolution of plaintiff's claims of discrimination.

Hill are both permanent rehab employees and are in a different employment category from plaintiff.  Mr. Mango, Ms. Chapman and Ms. Powell are supervisors.  (Deft.'s Exh. C.)

In his EEO affidavit, plaintiff attests he has permanent physical disabilities, including diabetes, hypertension, chronic back pain from a herniated disc, nerve compression, and osteoarthritis.  Plaintiff admits, however, that his alleged disabilities do not substantially impair any major life activities, that is, caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, or working. Plaintiff also admits that he does not require accommodation for his disability and has never requested accommodation from Postal Service management.  (Deft.'s Exh. A.)

B.  <u>Discussion</u>

1.  *Age Discrimination*

In the instant Complaint, plaintiff claims that he was discriminated in his employment on or around April 26, 2006, on account of his age.  A review of the record shows plaintiff to have satisfactorily exhausted this claim inasmuch as it was presented to the administrative agency and the agency rendered a Final Decision thereon.  The Final Decision also addressed the incident which occurred on April 21, 2006.  (Deft.'s Exh. L.)[3]

_____

[3]To the extent plaintiff's EEO complaint alleged that he was sent home on other occasions as well, and specifically, April 24, April 25, May 6, May 10, and May 31, 2006, the Final Decision noted

The ADEA prohibits an employer from discriminating on the basis of age if that person is over forty years old.  29 U.S.C. § 631(a); Chambers v. Metropolitan Prop. & Cas. Ins. Co., 351 F.3d 848, 855 (8th Cir. 2003).  A claim of unlawful discrimination may be established through direct or indirect evidence.  Bearden v. International Paper Co., 529 F.3d 828, 830 (8th Cir. 2008).  Plaintiff does not contend, and the record does not show, that he has any direct proof of adverse employment action on account of his age.  As such, because any evidence of age discrimination would be indirect, the Court must apply the familiar burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792 (1973).  See Riley v. Lance, Inc., 518 F.3d 996, 1000 (8th Cir. 2008).  Therefore, in order to survive defendant's Motion for Summary Judgment, plaintiff must first be able to establish a *prima facie* case of discrimination.  Id.  If he is able to do so, the burden then shifts to defendant to produce evidence that the adverse action occurred for a legitimate, nondiscriminatory reason.  Id.  If defendant comes forward with such evidence, the presumption of discrimination raised by plaintiff's *prima facie* case would drop out of the case and plaintiff would need to show by a preponderance

_____

there to be no evidence that plaintiff was sent home on those dates.  (Deft.'s Exh. L.)  Plaintiff does not contend in the instant Complaint that he was subjected to discrimination on these specific dates.  Nevertheless, if the Complaint were to be construed to raise such a claim, plaintiff has presented no evidence that he in fact was sent home from work on those dates.

of the evidence that defendant's reason for adverse action was pretext for discrimination. Id. At all times, plaintiff bears the ultimate burden of proving that he was unlawfully discriminated against. Rose-Maston v. NME Hosp., Inc., 133 F.3d 1104, 1107-08 (8th Cir. 1998).

Defendant contends that plaintiff cannot establish a *prima facie* case of age discrimination. Defendant avers, however, that there nevertheless were legitimate non-discriminatory reasons for the alleged adverse employment actions and that plaintiff cannot show that such reasons were pretext for discrimination. For the following reasons, defendant's argument is well taken.

To make a *prima facie* case of age discrimination in the circumstances of this case, plaintiff must show that (1) he was at least forty years old, (2) he was meeting his employer's legitimate performance expectations, (3) he suffered an adverse employment action, and (4) similarly-situated employees outside the class were treated more favorably. Thomas v. Corwin, 483 F.3d 516, 528 (8th Cir. 2007). Because plaintiff has failed to show that similarly-situated employees outside of the protected age group were treated more favorably than him, his claims of age discrimination must fail.

At the *prima facie* stage of evaluating a motion for summary judgment, the standard to be applied in determining whether employees are similarly situated is low. Rodgers v. U.S. Bank,

N.A., 417 F.3d 845, 852 (8th Cir. 2005). To meet this low threshold, however, plaintiff must nonetheless present evidence that he and members not within his protected class were involved in the same or similar conduct and were dealt with in different ways. Id. Plaintiff bears the burden of producing specific, tangible evidence showing a disparity in the treatment of similarly situated employees. Philip v. Ford Motor Co., 413 F.3d 766, 768 (8th Cir. 2005). Plaintiff has failed to meet such burden here.

Plaintiff claims that the following individuals were treated more favorably than him: Darryl Crouch, Vernice Hill, John Mango, Kelly Chapman, Debra Powell, and Devalyn Stidham. Plaintiff has failed to demonstrate, however, that these Postal Service carriers were involved in or accused of the same alleged misconduct and received lesser discipline. The undisputed evidence shows plaintiff to have been disciplined for improperly using a supervisor's copier machine and for failing to comply with his supervisor's orders regarding the sorting of mail. Plaintiff has failed to allege or present evidence showing that any of the other employees engaged in similar conduct. Unsubstantiated allegations of similarity are insufficient. Cherry v. Ritenour Sch. Dist., 361 F.3d 474, 479 (8th Cir. 2004). In addition, evidence before the Court shows that plaintiff did not hold the same employment positions as Mr. Crouch, Ms. Hill, Mr. Mango, Ms. Chapman, or Ms. Powell. As such, these employees were not similarly situated to

plaintiff. See LaCroix v. Sears, Roebuck & Co., 240 F.3d 688, 694 (8th Cir. 2001) (persons who work in different positions not similarly situated).

Because plaintiff has produced no evidence indicating that similarly-situated younger employees were treated more favorably than he in similar circumstances, he has failed to establish a *prima face* case of age discrimination in the circumstances of this case, and his claims of such discrimination must fail. Thomas, 483 F.3d at 529; Philip, 413 F.3d at 768.

Nevertheless, the defendant has provided legitimate non-discriminatory reasons for its actions and plaintiff has failed to show such reasons to be pretext for discrimination. The undisputed evidence before the Court shows that policies of the Postal Service at Weathers Station dictated that postal employees are allowed to make copies in a supervisor's office only with the supervisor's permission and only if a supervisor is in the room with them. The undisputed evidence before the Court shows that on April 26, 2006, plaintiff was using a copier machine in a supervisor's office without a supervisor being present. When Manager Smith discovered plaintiff in the office, he instructed plaintiff to leave the office, which plaintiff did. An employee's failure to follow his employer's policies is a legitimate non-discriminatory reason for adverse employment action. See Williams v. Ford Motor Co., 14 F.3d 1305, 1309 (8th Cir. 1994). In addition, the undisputed evidence

shows that on April 21, 2006, plaintiff was instructed by his supervisor to follow Postal Service policies regarding the casing of mail, and plaintiff refused to do so. Plaintiff was then sent home. (Deft.'s Exhs. C, C1.) Insubordination and the failure to follow employer policies are legitimate non-discriminatory reasons for adverse employment action. See Williams, 14 F.3d at 1309; Kiel v. Select Artificials, Inc., 169 F.3d 1131 (8th Cir. 1999).

In light of these legitimate, non-discriminatory reasons for disciplinary action, the burden shifts to plaintiff to show that these reasons provided by the defendant are pretext for discrimination. In response to defendant's Motion for Summary Judgment, however, plaintiff has produced no evidence or argument demonstrating that plaintiff's age was a factor in either of these disciplinary decisions. Indeed, the evidence before the Court unequivocally shows age not to have been a factor in such actions. (Deft.'s Exhs. B, C; Pltf.'s Resp. to Deft.'s Statement, Docket No. 15-2, at para. 8.)

At all times, plaintiff bears the burden of demonstrating a genuine issue of fact as to whether the employer intentionally discriminated against him on account of his age. Vaughn v. Roadway Express, Inc., 164 F.3d 1087, 1091 (8th Cir. 1998). Plaintiff has failed to meet this burden inasmuch as he has failed to produce any evidence to show that defendant's employment actions were motivated by plaintiff's age. Defendant should therefore be granted summary

judgment as to plaintiff's claims of age discrimination.

   2.   *Disability Discrimination*

Plaintiff claims that he was discriminated in his employment on account of his disability. In his affidavit completed during the EEO process, plaintiff attests that his disabilities included diabetes, hypertension, chronic back pain from herniated disc and nerve compression, and osteoarthritis.

The Rehabilitation Act provides, "No otherwise qualified individual with a disability . . . shall, solely by reason of her or his disability, . . . be subjected to discrimination . . . under any program or activity conducted by . . . the United States Postal Service." 29 U.S.C. § 794(a). To establish a claim against the Postal Service under the language of the Rehabilitation Act, plaintiff must show that he was "disabled," was "otherwise qualified," and was the victim of "discrimination" "solely" because of his disability. Peebles v. Potter, 354 F.3d 761, 765 (8th Cir. 2004). In his Complaint, plaintiff appears to allege two means of discrimination under the Rehabilitation Act: 1) failure to make reasonable accommodations; and 2) disparate treatment, that is, intentional discrimination.

In disparate treatment cases, a similarly-situated disabled individual is treated differently than less- or non-disabled individuals because of the disability. Peebles, 354 F.3d at 766. "The key element is discriminatory intent." Id.

(citing <u>Reeves v. Sanderson Plumbing Prods., Inc.</u>, 530 U.S. 133, 153 (2000)).  As such, the familiar three-step <u>McDonnell Douglas</u> approach is applied where no direct evidence of discrimination is available.  <u>Reeves</u>, 530 U.S. at 142-43; <u>Norcross v. Sneed</u>, 755 F.2d 113, 117 & n.5 (8th Cir. 1985) (<u>McDonnell Douglas</u> is applicable in disparate treatment cases under Rehabilitation Act).

With a claim of failure to accommodate, discrimination under the Rehabilitation Act occurs if "a covered entity [does] not . . . make reasonable accommodation to the known physical or mental limitations of an otherwise qualified applicant or employee with a disability, unless such covered entity can demonstrate that the accommodation would impose an undue hardship on the operation of its business."  29 C.F.R. § 1630.9(a).  Reasonable accommodation claims are not evaluated under the <u>McDonnell Douglas</u> burden-shifting analysis.  <u>Peebles</u>, 354 F.3d at 766.  Instead, the "discrimination" is framed in terms of the failure to fulfill an affirmative duty, that is, the failure to reasonably accommodate the disabled individual's limitations.  The Act compels employers to modify their work requirements to enable disabled individuals to have the same opportunities as their non-disabled counterparts.  <u>Id.</u> at 767.  Accordingly, discrimination under the Rehabilitation Act occurs when the employer fails to abide by a legally imposed duty.  The known disability triggers the duty to reasonably accommodate.  If the employer fails to fulfill that duty, it is

irrelevant whether or not the employer was motivated by the disability.  <u>Id.</u>

To establish a *prima facie* case of discrimination for either theory under the Rehabilitation Act, the plaintiff must show, <u>inter alia</u>, that he is a person with a disability as defined by statute.  <u>Randolph v. Rodgers</u>, 170 F.3d 850, 858 (8th Cir. 1999).[4]  "Disability" is defined as:

> (A) a physical or mental impairment that substantially limits one or more of the major life activities of such individual;
>
> (B) a record of such impairment;
>
> (C) being regarded as having such an impairment.

<u>Shipley v. City of University City</u>, 195 F.3d 1020, 1022 (8th Cir. 1999).

A "major life activity" includes functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.  <u>Id.</u> (citing <u>Bragdon v. Abbott</u>, 524 U.S. 624, 638-39 (1998)).  To be "substantially limited," the individual must have an impairment that prevents or severely restricts the individual from performing such activities.  <u>Toyota</u>

---

[4]The Rehabilitation Act has the same evidentiary requirements as the Americans with Disabilities Act (ADA).  <u>Lowery v. Hazelwood Sch. Dist.</u>, 244 F.3d 654, 657 n.2 (8th Cir. 2001).  Cases interpreting either are applicable and interchangeable.  <u>Buboltz v. Residential Advantages, Inc.</u>, 523 F.3d 864, 868 (8th Cir. 2008); <u>Randolph</u>, 170 F.3d at 858.

_Motor Mfg., Kentucky, Inc. v. Williams_, 534 U.S. 184, 198 (2002).

"[I]mpairments that interfere in only a minor way with the performance of manual tasks" do not qualify as disabilities under the Act. _Id._ at 197. In addition, submitting evidence of a medical diagnosis with nothing more is insufficient to meet the definition of "disability." _Id._ at 198.

Plaintiff has failed to establish a _prima facie_ case of discrimination under the Rehabilitation Act inasmuch as he admits that he does not have a "disability" as defined by statute. In his EEO affidavit, plaintiff attests that his physical disability does not "substantially impair any major life activities (i.e., caring for one's self, performing manual task, walking, seeing, hearing, speaking, breathing, learning, or working)[.]" (Deft.'s Exh. A.) In addition, plaintiff has provided no evidence of a record establishing the existence of a substantially limiting impairment. Finally, plaintiff claims that only Manager Darryl Smith engaged in adverse conduct on account of his disability. (_Id._) The undisputed evidence before the Court shows, however, that Manager Smith did not regard plaintiff as having "physical conditions and/or limitations that substantially impaired his ability to perform a major life activity such as, caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and/or working[.]" (Deft.'s Exh. B.) Plaintiff has therefore failed to establish that he is a person

with a "disability" as defined by statute.

Inasmuch as plaintiff has failed to establish that he is a person with a disability under the statute, plaintiff cannot make a *prima facie* case of discrimination under the Rehabilitation Act and defendant is entitled to summary judgment on plaintiff's claim of disability discrimination. <u>Dattoli v. Principi</u>, 332 F.3d 505, 507 (8th Cir. 2003).

    *3.   Retaliation*

Plaintiff claims that the disciplinary employment actions taken against him were in retaliation for engaging in protected activity, that is, pursuing agency action regarding prior allegations of harassment and age discrimination.

Title VII prohibits employers from retaliating against employees for opposing any discrimination made unlawful by Title VII, or for making a charge or participating in any manner in an investigation or proceeding under Title VII. 42 U.S.C. § 2000e-3(a); <u>Bogren v. Minnesota</u>, 236 F.3d 399, 407-08 (8th Cir. 2000); <u>Brower v. Runyon</u>, 178 F.3d 1002, 1005 (8th Cir. 1999). For claims of retaliation where direct evidence is unavailable, the <u>McDonnell-Douglas</u> burden-shifting analysis applies. <u>Twymon v. Wells Fargo & Co.</u>, 462 F.3d 925, 936 (8th Cir. 2006). As such, plaintiff bears the burden of establishing a *prima facie* case of retaliation. <u>Higgins v. Gonzales</u>, 481 F.3d 578, 589 (8th Cir. 2007). To establish a *prima facie* case that he was retaliated against for

complaining of discriminatory conduct, plaintiff must show that: 1) he engaged in activity protected by Title VII; 2) a reasonable employee would have found the challenged retaliatory action materially adverse; and 3) a causal connection exists between his protected activity and the adverse employment action. <u>Id.</u> If plaintiff establishes his *prima facie* case of retaliation, the burden shifts to the defendant-employer to produce some legitimate, non-discriminatory reason for the adverse action. <u>Buettner v. Arch Coal Sales Co., Inc.</u>, 216 F.3d 707, 714 (8th Cir. 2000). If the employer satisfies this burden, the plaintiff then must demonstrate that the proffered reason is a pretext for retaliation. <u>Id.</u> The ultimate burden rests with the plaintiff to establish that his employer's adverse action was in retaliation for plaintiff's protected conduct. <u>Id.</u>

The evidence before the Court shows plaintiff to have previously engaged in protected activity. However, the evidence fails to establish that a reasonable employee would find the defendant's challenged retaliatory actions to be materially adverse. In <u>Burlington N. & Santa Fe Ry.Co. v. White</u>, 548 U.S. 53 (2006), the Supreme Court recognized that the anti-retaliation provision of Title VII "is not limited to discriminatory actions that affect the terms and conditions of employment" because "[a]n employer can effectively retaliate against an employee by taking actions not directly related to his employment or by causing him

harm outside the workplace." Id. at 63-64. The Court held that "a plaintiff [alleging retaliation] must show that a reasonable employee would have found the challenged action materially adverse[.]" Id. at 68. In deciding whether an action would be adverse to a "reasonable employee," this Court must consider the specific context of the action. Id. at 69.

In this cause, plaintiff claims that Manager Smith's April 26, 2006, directive for plaintiff to leave the supervisor's office and to leave the building[5] was in retaliation for plaintiff's earlier filing of EEO complaints against Smith for age discrimination. The undisputed evidence shows that Manager Smith made this directive upon discovering plaintiff to be alone in a supervisor's office in violation of Postal Service policies. In addition, plaintiff attests that he was "off the clock and was leaving anyway." (Deft.'s Exh. A.) It cannot be said that a supervisor's order to leave a restricted area and to leave the building would have a materially adverse effect upon a reasonable worker when such order was given in response to the employee's violation of the employer's policy and at a time after the employee had ended his workday and had no intention of remaining in the building regardless of the supervisor's order.

In addition, the evidence shows plaintiff to have last

_____

[5]Manager Smith denies that he told plaintiff to leave the building. (Deft.'s Exh. B.) This disputed fact is immaterial to resolution of the instant claim.

engaged in protected activity in November 2004, that is, seventeen months prior to the alleged retaliatory conduct here. (Deft.'s Exh. K.) Such a lengthy period of time between the protected activity and the alleged retaliatory action "so dilutes any inference of causation" that this temporal connection alone cannot justify a finding that a causal connection exists between the two. Kipp v. Missouri Highway & Transp. Comm'n, 280 F.3d 893, 897 (8th Cir. 2002). Plaintiff has provided nothing more to the Court to show any causal connection between plaintiff's protected activity and the alleged retaliatory conduct.

Nevertheless, as discussed supra at Section II.B.1, the defendant has articulated legitimate non-retaliatory reasons for the Postal Service's disciplinary actions, namely insubordination and failure to follow Postal Service policies, and plaintiff has failed to show that such reasons were pretextual. Plaintiff presents no evidence that discredits defendant's reasons to discipline plaintiff in the manner alleged or that demonstrates that the Postal Service's determination to so discipline plaintiff was in any way related to plaintiff's protected activity. See Buettner, 216 F.3d at 717 (plaintiff presented no evidence to discredit factual allegation proffered by defendant to support its reason for adverse action); Moody v. St. Charles County, 23 F.3d 1410, 1412 (8th Cir. 1994) (to withstand summary judgment, plaintiff must substantiate allegations with "'sufficient probative

evidence [that] would permit a finding in [his] favor on more than mere speculation, conjecture, or fantasy.'") (quoting <u>Gregory v. Rogers</u>, 974 F.2d 1006, 1010 (8th Cir. 1992)).

Inasmuch as plaintiff has offered no evidence that would support a reasonable inference that defendant's reasons for disciplining him in April 2006 were pretext for retaliation, defendant is entitled to summary judgment.

Accordingly, for all of the foregoing reasons,

**IT IS HEREBY ORDERED** that defendant's Motion for Summary Judgment (Docket No. 11) is **GRANTED** in its entirety.

Judgment shall be entered accordingly.

_Frederick R. Buckles_
_____
UNITED STATES MAGISTRATE JUDGE

Dated this  _17th_  day of September, 2008.